IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on briefs November 14, 2013

**STATE OF TENNESSEE v. YOGONDA ABDUL CORLEY**

**Appeal from the Criminal Court for Davidson County**
**No. 2010-C-2743    Cheryl Blackburn, Judge**

**No. M2013-00464-CCA-R3-CD - Filed February 26, 2014**

CAMILLE R. MᴄMULLEN, J., separate concurring opinion.

I agree with the conclusion reached by the majority pertaining to the Defendant's failure to demonstrate plain error relief on the evidentiary issues in this case. Notwithstanding the Defendant's waiver of his challenge to the sufficiency of the evidence, I write separately because the record provides ample evidence supporting each of the convictions in this case.

In regard to Victim One, the jury convicted the Defendant of three counts of aggravated sexual battery (counts 1-3) and three counts of rape of a child (counts 4-6). In order to sustain a conviction for aggravated sexual battery, the State was required to prove unlawful sexual contact with a victim by the defendant when the victim is less than thirteen (13) years of age. T.C.A. § 39-13-504(a)(4) (2010). "Sexual contact" includes the intentional touching of the victim's, the defendant's, or any other person's intimate parts, or the intentional touching of the clothing covering the immediate area of the victim's, the defendant's, or any other person's intimate parts, if that intentional touching can be reasonably construed as being for the purpose of sexual arousal or gratification. T.C.A. § 39-13-501(6) (2010). Rape of a child is the unlawful sexual penetration of a victim by the defendant . . . if the victim is more than three (3) years of age but less than thirteen (13) years of age. T.C.A. §39-13-522 (a) (2010) (amended 2011). "Sexual penetration," in relevant part, is defined as "any ... intrusion, however slight, of any part of a person's body or of any object into the genital or anal openings of the victim's, the defendant's, or any other person's body...." T.C.A. § 39-13-501(7) (2010).

Victim One, the niece of the Defendant's girlfriend, testified that when she was ten

1

years old the Defendant inappropriately touched her during three separate incidents while she spent the night at her cousin's home on Creekwood Street. Each time the Defendant touched Victim One he awoke her during the night, brought her into the living room, and laid her on her back in the middle of the floor. During the first incident, the Defendant touched Victim One under her shirt and rubbed her breasts and genitalia. She said he touched her "on the skin" and "on the inside" of her outer labia with his fingers. After the first incident, the Defendant told Victim One to "keep this as our little secret." During the second incident, the Defendant touched Victim One on her breasts and inside her genitalia with his fingers. After the second incident, the Defendant gave Victim One a twenty dollar bill and reminded her not to tell anyone. Victim One described a third incident during which the Defendant licked her genitalia and touched her "breasts and stuff" while she was laying on the floor and he was in front of her on his hands and knees.

Victim One also described two incidents that occurred at her aunt's house on Whites Creek Pike. During the first incident, the Defendant woke Victim One, pulled her from her cousin's bedroom, took her into the den, and laid her on her back. She testified that the Defendant was in front of her on his hands and knees and began "licking and kissing" her genitalia, touching her breasts, and "playing with her private part with his fingers." The second incident occurred after a family party. She said the Defendant awoke her during the night, pulled her into the den, and "like stuck his D- - - in me." Victim One said the Defendant attempted to anally penetrate her but clarified that he touched her buttocks with his penis. Victim One also affirmed that the Defendant "never inserted his finger beyond just the slit area . . . where a person's tampon might go."

In regard to Victim Two, the jury convicted the Defendant of aggravated sexual battery (count 7), attempted aggravated sexual battery (count 8), and three counts of rape of a child (counts 9-11). At trial, Victim Two, the twelve-year-old daughter of the Defendant's girlfriend, testified that the Defendant began touching her inappropriately when she was nine years old. She said the first incident occurred in her mother's bedroom at the Creekwood home, and the Defendant touched her breasts underneath her shirt. A second incident occurred when the Defendant forced Victim Two on a bed, lifted up her skirt, pulled off her panties, and penetrated her vagina with his penis. Victim Two said that the Defendant put his penis "just inside the slit." She affirmed that the Defendant penetrated her vagina but could not recall any details about the incident. A third incident occurred when the Defendant ordered Victim Two to lay on her brother's bed, take off her panties, and began touching the inside of her vagina with his hand. A fourth incident occurred when the Defendant ordered Victim Two to touch his penis while standing in the hallway. Victim Two refused, attempted to run, and the Defendant grabbed her hand and forced her to touch his penis. Three days after moving into the Whites Creek home Victim Two, then age ten, was laying in her bed when the Defendant penetrated her anally with his penis.

2

After reviewing the above evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of these crimes beyond a reasonable doubt. Accordingly, the Defendant is not entitled to relief.

_____
CAMILLE R. MCMULLEN, JUDGE